IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the matter of the Complaint of:<br><br>THIRD LADY LLC,<br><br>For the Exoneration from Limitation of Liability, as owners, of the M/V BONNIE G<br><br>**Plaintiff-Petitioner** | Civil No.: 2024-cv-<br><br>In Admiralty<br>28 USC § 1333;<br>46 USC §§ 30501-30512;<br>Supplemental Rule F |

## VERIFIED COMPLAINT-PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

**TO THE HONORABLE COURT:**

**NOW COME**, the plaintiff-petitioner, THIRD LADY LLC, as owner of the M/V BONNIE G, through the undersigned attorneys respectfully inform, state, allege, and pray as follows:

### I. JURISDICTION

1. This is a case of admiralty and maritime jurisdiction. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1333(1). This action is one within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; and Rule F of the Local Rules for the District of Puerto Rico.

2. Pursuant to Rule F(9) of the Supplemental Rules, this Complaint-Petition is within the venue of this Court as the

plaintiff-petitioner's principal place of business is located within this judicial district. Venue is also proper before this Court because the appearing plaintiff-petitioner is currently exposed to being sued in this judicial district as is more fully set forth below.

## II.   PARTIES

3. Plaintiff-Petitioner THIRD LADY LLC is a limited liability company duly organized pursuant to the laws of the Commonwealth of Puerto Rico, with physical address at Pier 10, Fernandez Juncos Avenue, SAN JUAN, PR, 00901 and mailing address at P.O. Box 9021467, SAN JUAN, PR, 00902.

4. At all times material to this action, THIRD LADY LLC is the legal owner of the BONNIE G.

## III. FACTS

5. At all times material to this action, the BONNIE G is a cargo vessel documented pursuant to the laws of the Republic of Vanuatu, bearing IMO No. 8023864, official number 2452, was manufactured by Halter Marine, Inc., of 780 gross tons; 53.36 meters in overall length; 12.19 meters of beam; 4.57 meters of depth; steel hull; and with two (2) General Motors diesel engines built in 1981.

6. The BONNIE G had an insured hull value of $1,500,000.00. See **EXHIBIT 1**.

7. On the evening of October 3, 2023, the BONNIE G was engaged in the carriage of cargo by sea on from, St. Croix, USVI to St. Thomas, USVI.

8. The BONNIE G ran aground on the rocks southwest of St. Thomas, U.S.V.I.,[1] when a link of the anchor chain broke while the vessel passed tropical storm Philippe off the shores of St. Thomas on the morning of October 4, 2023.

9. On October 4, 2023, at 3:41 A.M., the BONNIE G made a distress call to the United States Coast Guard reporting the vessel was taking on water in the engine room and that the boat crew, consisting of twelve (12) people, were abandoning the vessel.

10. At the time of the grounding, the BONNIE G was carrying perishables, medical supplies, various automobiles, and other cargo.

11. After plaintiff-petitioner was informed of the grounding of the BONNIE G, it notified its insurers and the salvage company that would get the BONNIE G afloat and out of the coral reef area in St. Thomas was identified.

12. The salvage mission took place from October 4, 2023, through November 2023. Due to apportionment issues among the insurers, the salvage mission was extended for a longer period

---

[1] Approximately, half a mile south from the local airport.

of time than was originally intended and, as a result, the BONNIE G was declared to be a constructive total loss.

13. As part of the salvage mission, the salvage personnel identified that the rudders and the starboard propeller were not damaged, but a blade from the port propeller was severely bent.

14. The BONNIE G had no scrap value within this jurisdiction and would have to be towed, at a considerable expense, to another jurisdiction to be sold for scrap.

15. Plaintiff-petitioner received the first written cargo claim on October 10, 2023.

16. At all times material hereto, and prior to the commencement of the voyage of October 3, 2023, the plaintiff-petitioner had exercised due diligence and had taken all necessary action to make and maintain the BONNIE G in all respects, a vessel which was seaworthy, fit and proper for the service in which she was engaged.

17. At all times material hereto, the BONNIE G was, in all respects, seaworthy, properly manned and efficiently supplied, equipped and furnished, fitted with suitable engines, machinery, tackle, apparel, gear, appliances and personnel, all in good order and condition and suitable for the purpose for which it was employed.

18. On or before October 4, 2023, the plaintiff-petitioner, owner of the BONNIE G, did not know of, and

reasonably had no reason to know of, any condition of omission or negligence aboard the vessel or in the operation of the vessel.

19. The plaintiff-petitioner in the present action may be named as a defendant, or as a party-in-interest in more than one civil action, on claims arising from the grounding incident.

20. At the time of this filing, plaintiff-petitioner has received extrajudicial cargo claims for the amount of $439,627.93, which are in excess of the value of the BONNIE G, plus its pending freight, at the end of the voyage on October 4, 2023.

21. The BONNIE G has not been attached or arrested to answer for any claim arising out of the voyage that is the subject of this Complaint-Petition.

22. If any fault caused or contributed to the incident aboard the BONNIE G on October 4, 2023, and to damage or loss to the parties involved in the extrajudicial cargo claims and potential suits previously described above, or any other parties, all of which is denied, such fault occurred without the privity or knowledge of the plaintiff-petitioner or, at or before the voyage, without the privity or knowledge of her master, any superintendent, managing agent or those for whose acts the plaintiff-petitioner may be responsible.

### IV.   CAUSE OF ACTION AND RELIEF SOUGHT

23. In the potential suits described in the previous paragraphs, it will be claimed that the BONNIE G was at fault

for damages from the events occurring on October 4, 2023. That has already been asserted in the extrajudicial cargo claims. Any and all allegations of this nature are without any basis whatsoever in fact or in law.

24. The plaintiff-petitioner specifically claims the benefits of exoneration from, or limitation of, liability provided for in the United States Limitation of Shipowner's Liability Act, 46 U.S.C. §§ 30501-30512, and Rule F of the Supplemental Rules, and all statutes and rules amendatory thereof and supplementary thereto.

25. The BONNIE G was declared to be a constructive total loss as a result of the subject incident. The plaintiff-petitioner asserts that the value of the subject vessel after the casualty was zero dollars and that the value of plaintiff-petitioner's interest is limited to the value of the pending freight at the conclusion of the voyage [six thousand five hundred and sixty-nine dollars with twenty cents ($6,569.20)].

26. The plaintiff-petitioner submits on this same date as *Ad Interim Stipulation* a check as security for the aggregate amount of seven thousand nine hundred and sixty-three dollars with thirty-five cents ($7,963.35). This aggregate amount represents the total lack of value of the plaintiff-petitioner's interest in the subject vessel at the termination of the voyage that is the subject of this Petition-Complaint; the

value of the pending freight at the conclusion of the voyage [six thousand five hundred and sixty-nine dollars with twenty cents ($6,569.20)]; an amount of interest at the rate of six percent (6%) *per annum* as required by Rule F of the Supplemental Rules [three hundred and ninety-four dollars with fifteen cents ($394.15)]; and, the amount of one thousand dollars ($1,000.00) as security for costs, in compliance with Rule F(1) of the Local Rules of the District of Puerto Rico.

**WHEREFORE**, the plaintiff-petitioner most respectfully prays that:

> (i) pursuant to 28 U.S.C. § 30511(c) and Supplemental Rule F, the District Court enjoin the further prosecution of any and all lawsuits already commenced, and the commencement or prosecution of any and all subsequent lawsuits of any nature or description whatsoever, in any jurisdiction, and the taking of any steps and the making of any motions in such actions against the plaintiff-petitioner, the BONNIE G, or any property of the plaintiff-petitioner, or insurers and underwriters of the plaintiff-petitioner, or of the BONNIE G, except in this Exoneration and Limitation action, to recover damages for or with respect to any loss, damage, injury or expense arising out of or connected with the incident which occurred on October 4, 2023 that is the

      subject of this Petition-Complaint, until the hearing and determination of this proceeding.

(ii) the District Court approve the *Ad Interim Stipulation* and security submitted on this same date in the amount of seven thousand nine hundred and sixty-three dollars with thirty-five cents ($7,963.35).

(iii) the District Court cause a Notice to be issued to all persons, firms, entities, and corporations having, or alleging to have, claims by reason of the matters and happenings recited above admonishing them to appear and file their Claims with the Clerk of this District Court, on or before a date to be fixed by the District Court and as specified in the Notice, or to be forever barred and permanently enjoined from making or filing any such claims, and also to Answer, all and singular, the premises of this Complaint-Petition.

(iv) that the District Court adjudge that the plaintiff-petitioner and the BONNIE G, are exonerated, that is that they are not liable for any damages, demands, or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters or happenings recited in this Complaint-Petition.

(v) that in the alternative, if this District Court should adjudge that the plaintiff-petitioner is

8

       liable to any extent in the premises, the District Court then adjudge that the liability of the plaintiff-petitioner shall be limited to the amount of its interest in the BONNIE G and its pending freight, at the end of the voyage that is the subject of this Complaint-Petition, as per 46 U.S.C. § 30511; and in that event, the amount representing the value of the plaintiff-petitioner's interests in the BONNIE G shall be divided *pro rata* among the claimants having made due proof of their respective claims; and that a decree be entered discharging the plaintiff-petitioner and the BONNIE G of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against the plaintiff-petitioner and the BONNIE G, in consequence of, or arising out of, or connected with, the matters and happenings recited in the above and foregoing Complaint-Petition.

(vi) that the plaintiff-petitioner and the BONNIE G have such other and further relief as may be just and proper.

**STATEMENT UNDER PENALTY OF PERJURY**

I, Christina Stevenson, under penalty of perjury, hereby state:

1. That I am the Chief Operations Officer of THIRD LADY LLC.

2. That I have read the foregoing *Verified Complaint-Petition for Exoneration From or Limitation of Liability* and believe the allegations contained therein are true.

3. That such belief is based upon my personal knowledge and the documentation in my control and possession.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. Executed on April 5th, 2024.

_____
Christina Stevenson
Chief Operations Officer
THIRD LADY LLC

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 5th day of April 2024.

*s/ Ian P. Carvajal*
Ian P. Carvajal
Bar Number: 212003

*s/ Manuel Sosa Báez*
Manuel Sosa Báez
Bar Number: 218807

Attorneys for Plaintiff-Petitioner
**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, PSC**
166 De la Constitución Ave.
San Juan, PR 00901
Tel.: (787) 289-9250
Fax:  (787) 289-9253
E-mail: icarvajal@scvrlaw.com
        msosa@scvrlaw.com

10